UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
FEB 0 5 2016
CLERK

| | |
|---|---|
| ELIZABETH C. PETERS,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, JORDAN HEIGHTS HOMEOWNERS ASSOCIATION INC., PORTFOLIO RECOVERY ASSOC., FORD CREDIT, TELECOMMUNICATIONS NETWORKS PRIVATE, FOREIGN AND UNITED STATES, and HICKLIN GARAGE DOOR OPENERS,<br><br>Defendants. | 4:16-CV-04002-LLP<br><br><br><br>ORDER DISMISSING CASE |

## INTRODUCTION

Plaintiff, Elizabeth C. Peters, filed a complaint in this Court, arguing that defendants violated her rights in connection with a foreclosure proceeding in Iowa state court. She also moves to dismiss the "Wrongful Foreclosure and Notice of Sheriff's Levy and Sale" that is the subject of her complaint. For the reasons stated below, her complaint is dismissed.

## FACTUAL BACKGROUND

Based on the documents Peters attached to her original complaint, Wells Fargo Bank filed a foreclosure petition in Iowa state court in Dallas County. Docket 1-1 at 5. The Jordan Heights Owner's Association and Portfolio

Recovery Assoc. were joined as parties with title or interest in the foreclosed property. *Id.* at 6.

On January 6, 2016, Peterson filed a notice of removal that this Court construed as a complaint. Docket 1. Peterson amended her complaint, but the amended complaint is almost identical to her notice of removal. Docket 6. Neither complaint contains a clear set of facts or legal argument. Peterson is a patient at the Mayo Clinic in Minnesota with a home in Des Moines, Iowa. *Id.* at 1; Docket 1-1 at 4. Without stating facts or raising arguments, Peters alleges the foreclosure of her property in Des Moines was wrongful, and by entering this property, defendants violated federal "laws for security and safety of Homeowner's residence . . . ." Docket 6 at 4.

She argues that this court has diversity jurisdiction over the case. Docket 6 at 3. She claims damages greater than seventy-five thousand dollars through medical expenses and wrongful loss of property. *Id.* at 4. In her amended complaint, she states that "Petitioner . . . is a citizen of Minnesota, Iowa, Virginia and New York." Docket 6 at 3. In her original complaint, she states petitioner is a citizen of "South Dakota, Iowa, Virginia and New York." Docket 1 at 3. She does not clarify who "petitioner" is. She states that "Defendant" is a citizen of Iowa, without explaining which party this refers to. Docket 6 at 3. She claims she gave a notice of removal to "all adverse parties," but she did not attach a notice of removal filed in Iowa state court to either of her complaints. Docket 6 at 4.

Through its own research, the Court discovered that Peters also filed in the Federal District Court in Minnesota. *See* 0:15-cv-04602-SRN-FLN (hereinafter "MN Docket"). The same notice of removal was filed in the District of Minnesota on December 30, 2015. MN Docket 1.

On February 3, 2016, Peters filed a motion to dismiss. Docket 10. She requests that the court dismiss the foreclosure and notice of sale of her property. *Id.*

## DISCUSSION

Peters does not raise specific claims or present supporting facts. It seems clear, however, that this case has absolutely no connection to the District of South Dakota. None of the parties are citizens of South Dakota and none of the actions which gave rise to the suit occurred in South Dakota. *See Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (explaining that causes of action must arise from or be related to a defendant's actions within the forum state). This Court does not have personal jurisdiction over the parties.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court has the discretion to either dismiss or transfer the case, *sua sponte*. *De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *see also Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. App'x. 468, 472 (6th Cir. 2012); *Bravo v. Bexar*

3

*Cty., TX*, No. 12-CV-4009 (MKB), 2014 WL 1155302, at *13 (E.D.N.Y. Mar. 21, 2014); *Abramson v. America Online, Inc.*, 393 F. Supp. 2d 438, 443 (N.D. Tex. 2005). Because Peters' complaint is pending in Federal District Court in Minnesota, the interest of justice does not require this Court to transfer her case. Therefore, her amended complaint is dismissed.

Peters' motion to dismiss is denied. She requests that this Court dismiss her foreclosure and notice of sale of her property. Docket 6 at 5. Peters does not address her jurisdictional issues in this motion, and it does not affect the Court's analysis above. The Court does not have any power to grant her request. Her motion is therefore denied. Accordingly, it is ORDERED

1. Peters' amended complaint (Docket 6) is dismissed without prejudice.
2. Peters' motion to dismiss (Docket 10) is denied.
3. Peters' motion for an emergency hearing (Docket 11) is denied as the Court has no jurisdiction over this matter.

Dated this 5th day of February, 2016.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
Deputy

4